UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Knapp

   v.                              Civil No. 11-cv-491-PB

Christopher Kench, Acting
Commissioner, New Hampshire
Department of Corrections et al.

**O R D E R**

Before the court is John Knapp's amended complaint (doc. no. 13), filed pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc – 2000cc-5. Knapp asserts First Amendment, Fourteenth Amendment, and RLUIPA claims against defendant prison officials in their individual and official capacities. Because Knapp is a prisoner, the matter is before the court for preliminary review to determine if the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

For the reasons explained in a report and recommendation issued this date, the court finds that Knapp has asserted First Amendment and RLUIPA claims against defendants New Hampshire State Prison ("NHSP") Chaplain John Daly, NHSP Warden Richard Gerry, and New Hampshire Department of Corrections Acting

Commissioner Christopher Kench in their individual and official capacities. Knapp seeks both injunctive and monetary relief in this action. The court authorizes the action, insofar as it seeks damages, to proceed against the defendants in their individual capacities. To the extent Knapp seeks injunctive relief, he may proceed against the defendants in their official capacities. Accordingly, the court now directs service of the First Amendment and RLUIPA claims on the identified defendants.[1]

The Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement on Acceptance of Service, electronic copies of the report and recommendation issued this date, this order and the amended complaint (doc. no. 13). See LR 4.3(d)(2)(C). Within thirty days from receipt of these materials, the AG will submit an Acceptance of Service notice to the court specifying whether each defendant has authorized the AG's office to receive service on his or her behalf. When the AG's office files the Acceptance of Service, service will be deemed made on the last day of the thirty-day period.

---

[1] In the report and recommendation issued this date, the court recommends that the remaining claims in this action be dismissed, including the official capacity claims for damages and the claim asserting a violation of Knapp's equal protection rights. Nothing in this order shall be construed to preclude defendants from asserting in this action that personal capacity claims are unavailable under RLUIPA.

If any defendant does not authorize the AG's office to receive service on his or her behalf, or the AG declines to represent any defendant, the AG shall, within thirty days from receipt of the aforementioned materials, provide to the court the last known address of that defendant. In that event, the Clerk's office is instructed to complete and issue a summons for that defendant, using the last known address provided, and forward the summons, along with the above-listed documents, to the U.S. Marshal's office to complete service on the defendant in accordance with this Order and Fed. R. Civ. P. 4(c)(3).

Defendants are instructed to answer or otherwise plead within twenty days of service. See Fed. R. Civ. P. 12(a)(1)(A). Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to the defendants or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

May 14, 2012

cc: John Knapp, pro se

JBM:jba

3