**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

John Knapp

    v.                                  Civil No. 11-cv-491-PB

Christopher Kench, Acting
Commissioner, New Hampshire
Department of Corrections et al.

**O R D E R**

Before the court is John Knapp's motion for appointment of counsel (doc. no. 8). The motion is conditionally granted, as explained herein.

**Background**

John Knapp is presently an inmate at the New Hampshire State Prison ("NHSP"). In this action, Knapp has alleged that he has been denied the ability to practice his religion, in violation of his federal constitutional and statutory rights. He seeks both injunctive relief and damages against NHSP defendants. The court has directed service of the complaint in this matter (doc. no. 15).

Knapp has proceeded pro se in this matter thus far. Knapp asserts that he is unable to adequately represent himself in this action due to his lack of legal training, the complexity of

the legal issues, and his need to conduct discovery and investigation in this matter.  Knapp further states that he is unable to afford to retain an attorney and has not been able to obtain counsel on his own.

## Discussion

While there is no absolute constitutional right to free representation in a civil case, DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991), this court has statutory authority, in its discretion, to request that counsel represent an indigent plaintiff.  See 28 U.S.C. § 1915(e)(1); Doherty v. Donohoe, No. 12-10125-NMG, 2012 WL 381249, *2 (D. Mass. Feb. 2, 2012).  No funds are generally available, however, to pay counsel's fees or costs in such circumstances.  See Ruffin v. Brann, No. CV-09-87-B-W, 2010 WL 500827, *1 (D. Me. Feb. 8, 2010).  The court has no authority to require counsel to represent a pro se litigant.  See id.

The court concludes that appointment of counsel is appropriate at this time, given the nature of the allegations, the potential merits of the case, and that there is some inherent complexity in the proper litigation of this case, requiring discovery, investigation, and possibly expert

witnesses.  Therefore, in an exercise of its discretion, the court grants the motion (doc. no. 8) for appointment of counsel, on the condition that suitable counsel may be identified and is available and willing to take this matter on a pro bono basis.

The Clerk's office shall contact suitable counsel, selected from the list of attorneys registered to file documents electronically in this court, and request that counsel represent Knapp in this matter.  Counsel shall be notified that she or he may decline the requested appointment and that the appointment is pro bono.  Further, upon request of counsel, the clerk's office is authorized to forward to counsel a copy of the pleadings and other documents in this case.  Counsel, upon request, may have fourteen days to review the documents in the case and, if she or he wishes, to visit and speak with Mr. Knapp at the prison before making a decision as to whether or not to accept an appointment in this matter.

If the court is unable to secure counsel willing to represent Knapp pro bono in this matter by July 15, 2012, Knapp shall receive prompt notice thereof.  No other matter in the case need by delayed or deferred in the meantime.

**Conclusion**

For the foregoing reasons, the motion for appointment of counsel (doc. no. 8) is granted, conditioned on the availability and willingness of suitable counsel to represent Knapp on a pro bono basis.  The clerk shall notify Knapp by July 15, 2012, whether suitable representation has been secured.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  June 12, 2012

cc:  John Knapp, pro se
     Nancy Smith, Esq.

LBM:jba

4